ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
KOLLIN J. ZIMMERMANN - State Bar No. 273092
kzimmermann@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 282-6250
Facsimile:  (310) 785-3550
*Attorneys for Defendant VIZIO, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZOR USA LLC, | CASE NO.: 8:14-cv-01586-SJO-JCG |
| Plaintiff, | Hon. Jay C. Gandhi |
| v. | [~~PROPOSED~~] **PROTECTIVE ORDER** |
| VIZIO, INC., | |
| Defendant. | |

986580

1  　　　The Court, having considered the Parties' Stipulation for Issuance of Protective

2  Order, and finding good cause in support thereof, hereby issues the following

3  Protective Order:

4  　　　1.　　This Order shall govern disclosure and use by the Parties of all

5  documents, testimony and other materials and information produced in this Action by

6  any Party or non-party required to give testimony and/or produce documents (a

7  "Disclosing Party" or a "Designating Party").

8  　　　2.　　As used in this Order, the term "Receiving Party" shall mean any party

9  who is the recipient of information supplied by a Disclosing Party, and the term

10 "documents" shall mean all written material, electronically-stored images and data,

11 videotapes and all other tangible items, produced in whatever format (e.g., hard copy,

12 electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer

13 diskette, CD-ROM, DVD, hard drive or otherwise).

14 　　　3.　　All Protected Material (as defined below) to be produced by a Disclosing

15 Party in this litigation shall only be used, shown or disclosed as provided in this

16 Order.  Any person or entity in possession of Protected Material as a result of the

17 production of such materials in this Action shall maintain those materials in a secure

18 manner, so as to avoid disclosure of their contents.  The restrictions provided in this

19 Order with respect to the handling, disclosure and dissemination of Protected Material

20 shall also apply to notes, reports, documents or communications which summarize,

21 reference, describe or discuss the Protected Material in a way that may disclose any

22 portion of the Protected Material.

23 　　　4(A).  A Disclosing Party may designate as "Confidential" any information or

24 documents produced in discovery, pursuant to legal process, or exchanged informally

25 for purposes of settlement, if the person making the confidential designation

26 reasonably believes, in good faith, that the material so designated contains or

27 constitutes  confidential, private, or proprietary information that is not otherwise

28 known or available to the public and is entitled to protection under Rule 26(c) of the

Glaser Weil

Federal Rules of Civil Procedure.

4(B).  A Disclosing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any information or documents produced in discovery, pursuant to legal process, or exchanged informally for purposes of settlement, if the person making the designation reasonably believes, in good faith, that the material so designated contains or constitutes highly confidential information, such as: trade secrets as defined under California Civil Code § 3426.1; financial information including but not limited to accounting records, revenues, costs, profits, confidential pricing, and overhead; information relating to a party's suppliers, distributors, or present or prospective customers including but not limited to names, addresses, phone numbers, and email addresses; business strategy including but not limited to future business plans; information of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

4(C).  Documents or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be referred to herein as "Protected Material".

5.      The designation of Protected Material shall be made at the time of disclosure by placing the word "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of the material so designated, or, in the case of deposition testimony, as provided below.  Inadvertent failure to designate Protected Material may be remedied by subsequent written notice.  Effective upon the giving of any such subsequent written notice, the information, documents or testimony designated as Protected Material in the subsequent notice shall be deemed subject to this Order.

6.      To the extent Protected Material or information obtained from such material is used in depositions and/or as trial exhibits, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Material.

7.      Any Party may designate as Protected Material any portion(s) of a

986580

deposition transcript that the Designating Party, in good faith, reasonably believes to contain Protected Material.  The Designating Party shall advise the court reporter and counsel in a writing sent to all Parties within a reasonable period of time after the transcript becomes available of any portions of a deposition to be treated as Protected Material.

8(A).  Documents or information designated as "Confidential" shall only be disclosed or shown to the following persons: (a) the Court and necessary court personnel; (b) the Parties (including their officers, directors, employees, and agents responsible for this Action); (c) the Parties' attorneys of record (including employees of the attorneys' law firms) and in-house counsel responsible for this Action; (d) court reporters transcribing depositions or testimony in the Action; (e) persons shown on the face of a document as being an author, recipient, or copy recipient of the document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action; (f) experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants); (g) outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and (h) any other person agreed to in writing by the Designating Party.

8(B).  Documents or information designated as "Highly Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons: (a) the Court and necessary court personnel; (b) the Parties' attorneys of record (including employees of the attorneys' law firms) and in-house counsel responsible for this Action; (c) court reporters transcribing depositions or testimony in the Action; (d) persons shown on the face of a document as being an author, recipient, or copy recipient of the document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action; (e) experts and consultants retained by a Party in connection

with the Action (including persons working under the direction or control of such experts and consultants); (f) outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and (g) any other person agreed to in writing by the Designating Party.

9.      All persons, except for court personnel, to whom Protected Material is disclosed shall, before that disclosure, be advised that the Protected Material is being disclosed pursuant to the terms of the Order.  All persons, except for court personnel, to whom Protected Material is disclosed shall, before the disclosure, execute the Certification attached hereto as Exhibit A.

10.     If any person seeks to file or lodge Protected Material with any court in a manner so that, in the ordinary course, such Protected Material would be placed in a publicly accessible court file, the person seeking to file or lodge such material shall take all reasonable steps under the rules of that court to cause the Protected Material to be filed under seal, including, with respect to this Court, the procedures contained in Local Rule 79-5 and the procedures contained in this Court's Procedures for Presenting Documents Electronically for Sealing.

11.     If at any time any Protected Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to all Parties and, if applicable, to the Disclosing Party. The person to whom the subpoena is directed shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection of the Protected Material, before the person to whom the subpoena is directed takes any action to comply with the subpoena.

12.     The burden of proving that a document or testimony constitutes Protected Material is on the Disclosing Party.  Prior to designating any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", the Disclosing Party

Glaser Weil

shall make a bona fide determination that the material is, in fact, appropriately designated.  If a Receiving Party disagrees with the  designation of any documents, the Receiving Party will so notify the Disclosing Party in writing, identifying the material subject to the objection and specifying in reasonable detail the reasons for the objection.  Upon receipt of any such objection, the Parties shall promptly meet and confer in an effort to resolve their differences.  The Parties shall work in good faith to resolve any disputes, and shall not unreasonably withhold documents from being disclosed to deposition witnesses without substantial justification for doing so.  If the disagreement cannot be resolved, the objecting Party may file, within a reasonable time, an application or motion with the Court for relief from designation of the material as Protected Material.  The Party who designated the Protected Material shall have the burden of showing, on such application or motion, that the material being objected to was appropriately designated as Protected Material.  The material subject to the objection shall be maintained as Protected Material until such time as the objecting Party's motion for relief has been ruled on.

13.    Within ninety (90) days after entry of an order or judgment finally terminating the Action, including all related court proceedings and appeals, Protected Material in a Party's possession, including all paper and electronic copies thereof (except for Protected Material designated by that Party) shall either be destroyed or returned to the person who originally produced or provided the Protected Material.  The provisions of this paragraph shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts, or Court opinions and orders.

14.    This Order shall not be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial or hearing in this Action.

15.    Each Party shall have the responsibility, through counsel, to advise the Party designating Protected Material of any losses or compromises of the confidentiality of material so designated.  It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit

986580

1   the loss or unauthorized disclosure.

2       16.    Nothing in this Order shall: be construed to limit any Party's use or

3   disclosure of its own documents, materials, or information designated as Protected

4   Material; prevent or in any way limit disclosure, use, or dissemination of any

5   information or documents that are publicly available, publicly known or available

6   from some source other than in connection with this Action; prejudice the rights of

7   any Party to introduce into evidence at trial any document, testimony, or other

8   evidence; or the right of any Party to object to the authenticity or admissibility into

9   evidence of any document, testimony, or other evidence.

10      17.    This Order may not be waived, modified, abandoned or terminated, in

11  whole or part, except by court order.  If any provision of this Order is held invalid for

12  any reason, the remaining provisions shall not be affected.

13      18.    Any Party may apply to the Court for further or additional protective

14  orders or for the modification of this Order.

15      19.    After termination of this Action, the provisions of this Order shall

16  continue to be binding.  This Court retains and shall have jurisdiction over the Parties

17  and recipients of the Protected Material for enforcement of the provisions of this

18  Order following termination of this Action.

19      20.    This Order shall be binding upon the Parties and their attorneys,

20  successors, executors, personal representatives, administrators, heirs, legal

21  representatives, assigns, divisions, employees, agents, independent contractors, or

22  other persons or organizations over which they have control.

23      ///

24      ///

25      ///

26      ///

27      ///

28      ///

986580

Glaser Weil

21.     All persons to whom Protected Material is disclosed shall not, under any circumstance, sell, offer for sale, advertise, or publicize either the Protected Materials, the confidential information contained in them, or the fact that such persons have obtained the Disclosing Party's confidential information.

IT IS SO ORDERED.

Dated:  February 11, 2015                 _____

Hon. Jay C. Gandhi
UNITED STATES MAGISTRATE JUDGE

986580

Glaser Weil

# EXHIBIT A

## **CERTIFICATION**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAZOR USA LLC, | CASE NO.: 8:14-cv-01586-SJO-JCG |
| Plaintiff, | Hon. Jay C. Gandhi |
| v. | **CERTIFICATION OF COMPLIANCE WITH PROTECTIVE ORDER** |
| VIZIO, INC., | |
| Defendant. | |

I certify my understanding that Protected Material may be provided to me pursuant to the terms and restrictions of the Protective Order issued in the above-captioned case. I further certify that I have read the Protective Order, agree to be bound by its terms, and submit to this Court's jurisdiction for purposes of enforcement thereof.

_____

Name: _____

Glaser Weil

986580